IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| RAYMOND J. MELINSKY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Criminal Action No. 05cr95 |
| | )  Civil Action No. 07cv142 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Petitioner's
motion to vacate, set aside, or correct his sentence pursuant to
28 U.S.C. § 2255.  For the following reasons, the Court will deny
the motion.

**I. Background**

On June 16, 2005, Petitioner Raymond Melinsky and his
wife, Suzanne Melinsky, were convicted in this district of
conspiring to defraud a financial institution, committing bank
fraud, and making false statements in a loan application.  On
August 26, 2005, Petitioner filed a motion for a new trial based
on an alleged violation by the government of *Brady v. Maryland*,
373 U.S. 83 (1963).  This Court held oral arguments on and denied
the motion on September 9, 2005.  It then proceeded to sentence
the Petitioner to eighteen months of imprisonment for each count,
to run concurrently, three years supervised release on each

1

count, to run concurrently, and restitution, joint and several
with his co-defendant.  The amount of restitution was modified on
November 28, 2005.  Petitioner and his wife appealed their
convictions to the U.S. Court of Appeals for the Fourth Circuit.
On December 4, 2006, the Fourth Circuit affirmed this Court's
judgment.

On February 12, 2007, Petitioner filed a motion to
vacate, set aside, or correct his sentence under 28 U.S.C. §
2255.  The Government responded with an opposition on March 22,
2007, and Melinsky filed a response to that brief on April 2,
2007.  This Motion is currently before the Court.

## II.  Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody
may attack his sentence on four grounds: (1) that the sentence
was imposed in violation of the Constitution or the laws of the
United States; (2) that the court was without jurisdiction to
impose the sentence; (3) that the sentence was in excess of the
maximum authorized by law; or (4) that the sentence is otherwise
subject to collateral attack.  28 U.S.C. § 2255; *see also Hill v.
United States*, 368 U.S. 424, 426-27 (1962).  To prevail under
§ 2255, the movant bears the burden of proof by a preponderance
of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th
Cir. 1958).

"Where a defendant has procedurally defaulted a claim

2

by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

To prove that ineffective assistance of counsel violates the Sixth Amendment, a petitioner must satisfy a two-pronged test established by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668, 687 (1984); *United States v. Terry*, 366 F.3d 312, 314 (4th Cir. 2004). Under the *Strickland* test, Defendant must show that: (1) counsel's representation fell short of an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-94. If a petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 697. Furthermore, if a petitioner fails to make a sufficient showing on one prong of the test, the Court is not obliged to address the other prong. *Id.* at 700.

### III.  Analysis

Petitioner argues that he was denied the effective assistance of counsel in that his attorney: (1) failed to investigate or object to supposed "false evidence"; (2) failed to make objections Petitioner claims should have been made; (3) failed to identify prejudicial errors in missing portions of the trial transcription; and (4) failed to interview and call a material defense witness.

Petitioner argues that his attorney failed to object to the use of prior conviction evidence regarding his wife. Petitioner alleges that his wife did not have a prior conviction, but that she stipulated to it as a result of counsel's advice, and that counsel failed to object strenuously enough to the introduction of the stipulation and evidence of the conviction. At Petitioner's motion for a new trial, this Court heard arguments regarding evidence of Mrs. Melinsky's prior conviction. This Court held that Mr. Melinsky had no standing to raise his wife's arguments and that there was no showing that his case was adversely affected.  Petitioner has failed to show objectively deficient performance since his counsel raised the issue of this evidence before the Court, and the Court has already ruled that there was no prejudice to his case.

Second, Petitioner argues that his counsel failed to accurately inform the Court of payments made to the bank and thus

4

that the actual loss amount was incorrect for sentencing purposes. However, his attorney argued at Petitioner's sentencing that the Melinskys had made additional payments which should reduce the sentence.  Although the Court reduced the amount of restitution, it was not persuaded that the payments should change the sentence.  Petitioner's attorney properly informed the Court of payments to the bank, and did not make the error Mr. Melinsky alleges.

Petitioner also argues that the trial transcript was missing the opening and closing remarks.  Mr. Melinsky does not demonstrate how these portions of the transcript would show that his case had been prejudiced nor does he identify any specific error that was contained in the missing sections which should have been asserted on direct appeal.  He makes no demonstration that his counsel acted unreasonably or that he suffered any prejudice.

Finally, Petitioner asserts that his counsel did not pursue a witness who would have helped his case.  The witness's identity was revealed for the first time in Petitioner's Response to the Government.  Counsel disputes any notion that he failed to contact a known witness in the case, although Mr. Melinsky asserts that the attorney knew Mr. Myse was willing to testify, and had information that would have been helpful to the case.  In determining whether defense counsel's representation met the

5

objective standard of reasonableness, the American Bar Association Standards for Criminal Justice states:

> decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.

Standards Relating to the Defense Function, Rule 5.2. *See also Yarborough v. Gentry,* 540 U.S. 1, 5-6 (2003); Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002) (counsel has wide latitude in deciding how to best represent a client, and courts must be highly deferential to counsel's trial strategy). This Court will follow the law in showing deference to counsel's trial strategy. Mr. Melinsky has failed to demonstrate that the decision not to have the witness testify was objectively unreasonable or would have changed the outcome of the case.

## IV.  Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied and dismissed. An appropriate Order will issue.

September 24, 2007
Alexandria, Virginia

_____/s/_____
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE